UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ELGIN THOMPSON,
    *Plaintiff-Appellant,*

v.

VANE LINES BUNKERING; UNITED
STATES OF AMERICA,
    *Defendants-Appellees.*

No. 00-1997

ELGIN THOMPSON,
    *Plaintiff-Appellee,*

v.

VANE LINES BUNKERING,
    *Defendant-Appellant,*

and

UNITED STATES OF AMERICA,
    *Defendant-Appellee.*

No. 00-1998

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-99-1632)

Argued: June 5, 2001

Decided: July 23, 2001

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Patrick B. Streb, WELTIN LAW OFFICE, P.C., Oakland, California, for Appellants. Debra Joan Kossow, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** John Holloway, HUNTON & WILLIAMS, Norfolk, Virginia, for Appellants. David W. Ogden, Assistant Attorney General, Helen F. Fahey, United States Attorney, David V. Hutchinson, Assistant Director, Admiralty, Douglas A. Winegardner, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Elgin Thompson, a merchant seaman, brought this action under the Jones Act, 46 U.S.C. § 688 *et seq.*, the Public Vessels Act, 46 U.S.C. § 781 *et seq.*, the Suits in Admiralty Act, 46 U.S.C. § 741 *et seq.*, and "general maritime law" against his employer, Vane Lines Bunkering, and the United States. Thompson alleges that negligent acts of Vane and the United States proximately caused him to fall from a rope ladder while he was attempting to climb from a tank barge to the U.S.S. Ponce. Thompson severely injured himself in the fall and seeks damages in excess of $300,000. After a full bench trial, the district court granted judgment to Vane and the United States. We affirm.

The critical facts are undisputed and set forth in detail in the district court's opinion. Briefly summarized, at the time of the accident, December 18, 1997, Thompson, a 49 year old tankerman, who weighed 275 pounds, had worked loading and unloading transport petroleum ships for nineteen years. Since 1991, a doctor had treated Thompson for osteoarthritis and degenerative disc disease and had

prescribed a number of different medications for pain relief, anxiety, and inflammation, including Vicodin Extra Strength and Valium.

On December 17, 1997, Thompson began working for Vane to offload fuel oil from the Navy's U.S.S. Ponce into a Vane tank barge at the Norfolk Naval Base. To do so, Thompson had to use a rope ladder to exit the barge via the U.S.S. Ponce, which he did. On this date, the vertical distance between the deck of the barge and the side port of the U.S.S. Ponce was approximately six feet. The next day, however, at the time Thompson attempted to use the rope ladder to exit, the distance between the side port and the barge was 18 to 20 feet. When Thompson attempted to navigate the rope ladder at the end of the day on December 18, he was wearing two layers of clothing, a back brace, and a work vest, which was one inch thick and served as a flotation device, and was carrying a 30 by 18 inch sea bag that contained clothing, a flashlight, a cell phone, and papers. Thompson fell and severely injured himself.

Thompson maintains that the Navy negligently rigged the rope ladder without handrails or grabrails and in a way that made it hang away from the side of the ship causing his feet to push the ladder in toward the ship's hull and his body to lean backwards as he climbed. He contends that this negligence proximately caused his fall.

After considering all of the evidence, the district court held to the contrary. The court specifically found that "Thompson fell off the ladder because he was exhausted and physically unable to hold on or climb further. . . . [T]he sole proximate cause of Plaintiff's fall was his physical inability to climb or hold on to the ladder." Although Thompson testified that he had taken neither Vicodin Extra Strength nor Valium on the day of the accident, the district court rejected that testimony as not credible and concluded that Thompson did take these drugs, as was his usual daily practice. The court found that Thompson's weight, fatigue, extra clothing, back brace, and sea bag, combined with dizziness because of the drugs, not the United States's negligence in the arrangement of the ladder, caused his accident.

We have carefully reviewed the briefs and record in this case, considered the oral and written arguments of the parties, and the relevant legal authorities, and conclude that we must affirm. We do note that

maritime law, with its comparative negligence standard, rather than Virginia law, with its contributory negligence standard, governs this case; thus, the district court erred in finding that Thompson was contributorily negligent. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 210 (1996); *White v. United States*, 53 F.3d 43, 47 (4th Cir. 1995); *Bubla v. Bradshaw*, 795 F.2d 349, 354 (4th Cir. 1986). This error, however, is harmless in view of the district court's express finding that "*the sole proximate cause* of Plaintiff's fall was his physical inability to climb or hold on to the ladder." (Emphasis added). Although a trier of fact could have resolved the issue differently, we cannot hold that the district court clearly erred and so affirm essentially on the reasoning (other than the contributory negligence finding) of the district court. *See Thompson v. Vane Lines Bunkering*, Civ. Act. No. 2:99cv1832 (E.D. Va. June 28, 2000).

*AFFIRMED*